1
2
3
4
5
6
7
8
9
10

## United States District Court
## Central District of California

11

DIANE GOODWIN,

12
                    Plaintiff,

13          v.

14   BLAINE E. WOODS; VIRGINIA M.

15   BROWN; AZURE SEAS, in rem,

16                    Defendants.

17

Case No. 2:14-cv-07210-ODW(AS)

**ORDER HOLDING SERVICE IN ABEYANCE AND TO SHOW CAUSE RE: LACK OF PROSECUTION**

18                          **I.      INTRODUCTION**

19          On September 4, 2015, in response to the Court's Order (ECF No. 21), Plaintiff

20   Diane Goodwin requested that the Court hold service on Defendant Azure Seas in

21   abeyance for ninety days.  (ECF No. 25.)  For the reasons discussed below, the Court

22   **GRANTS IN PART** Plaintiff's request, and shall hold service in abeyance for <u>thirty</u>

23   days.  On or before **October 28, 2015**, Plaintiff must either move to arrest the vessel,

24   or must show cause, in writing, why this action should not be dismissed for lack of

25   prosecution.

26                          **II.      BACKGROUND**

27          On July 18, 2012, Plaintiff filed this action in the United States District Court

28   for the Southern District of California.  Plaintiff alleges that she was a passenger

aboard the vessel Azure Seas when she fell and injured herself.  (Compl. ¶ 6.)
Plaintiff named the vessel's captain (Blaine Woods) and the vessel's owner (Virginia
Brown) as in personam defendants, and named the vessel Azure Seas as an in rem
defendant.  (*Id.* ¶¶ 2–5.)  On January 17, 2013, Plaintiff voluntarily dismissed her
claims against Woods and Brown.  (ECF No. 6.)  On March 8, 2013, the court held
service on the Azure Seas in abeyance.  (ECF No. 9.)  However, on April 25, 2014,
the court declined to continue holding service in abeyance.  (ECF No. 11.)

On August 25, 2014, Plaintiff moved to transfer this case to the Central District
of California.  (ECF No. 13.)  Because service of process in in rem maritime actions
can be effected only in the judicial district in which the action is pending, Fed. R. Civ.
P. E(3)(a), and because the vessel moved from Oceanside, California, to Santa
Barbara, California, while the action was pending, Plaintiff argued that it was
necessary to transfer this action to the Central District.  The court granted Plaintiff's
motion, and the matter was transferred to this Court.  (ECF No. 14.)

On December 20, 2012, Plaintiff filed a parallel action in state court against the
same defendants.  (ECF No. 25.)  Plaintiff's counsel has since dismissed Woods from
that action because they could not locate and serve him.  (*Id.*)  Brown passed away in
2014, and an amended complaint naming her heirs was filed in December 2014.  (*Id.*)
However, to date, Plaintiff has been unable to serve Brown's heirs.  (*Id.*)  Plaintiff
represents that she intends to dismiss the state court action if she cannot serve the
heirs prior to September 2016.  (*Id.*)

### III.   DISCUSSION

It appears to the Court that this matter is languishing without any meaningful
attempts to bring it to conclusion.  Although the courts must hold the "[i]ssuance and
delivery of process in rem . . . in abeyance if the plaintiff so requests," Fed. R. Civ. P.
E(3)(b), this applies only where (1) the vessel is outside the court's jurisdiction and
(2) "it is clear that the vessel will be within the Court's jurisdiction 'shortly.'"
*Norfolk Shipbuilding & Drydock Corp. v. USNS Truckee*, 629 F. Supp. 779, 781 (E.D.

1  Va. 1985); *see also Internatio-Rotterdam, Inc. v. Thomsen*, 218 F.2d 514, 515 (4th

2  Cir. 1955).   Here, the Azure Seas was apparently "docked for many years" in

3  Oceanside, California, while this matter was venued in the Southern District of

4  California.  (ECF No. 13.)  The vessel is now docked in Santa Barbara, California.

5  (*Id.*)  There is no reason why service could not have been effected on the vessel by

6  now.

7         Plaintiff's explanation for not serving the vessel is unpersuasive.   Plaintiff

8  argues that she is attempting to prosecute the state court action against the in

9  personam defendants first so as not to interrupt the business operations of the vessel's

10 owners by arresting the vessel.[1]  (ECF No. 25.)  However, it appears that the state

11 court matter has stalled while Plaintiff attempts to serve Brown's heirs, and Plaintiff

12 provides no evidence that she has been diligent in those attempts.  Moreover, it would

13 seem that this is the precise situation where a prejudgment maritime lien on the vessel

14 would provide a plaintiff with critical leverage in pursuing maritime tort claims.  *See*

15 *Merchants Nat. Bank of Mobile v. Dredge Gen. G. L. Gillespie*, 663 F.2d 1338, 1345

16 (5th Cir. 1981) (noting that maritime torts give rise to maritime liens); *Riffe Petroleum*

17 *Co. v. Cibro Sales Corp.*, 601 F.2d 1385, 1389 (10th Cir. 1979) (noting that maritime

18 lien arises "automatically" at the same time the cause of action arises).  Plaintiff's

19 counsel should concern themselves with the diligent prosecution of their client's

20 claims rather than with the business interests of the vessel's owners.  Plaintiff cannot

21 sit on this case just because it is an in rem action.

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27

28 [1]      In maritime cases, in rem service is effected by arresting the vessel.  Fed. R. Civ. P. E(3).

3

1

## IV. CONCLUSION

2      The Court will hold service in abeyance for thirty days from the date of this

3  Order.  However, on or before **October 28, 2015**, Plaintiff must either move to arrest

4  the vessel, or must show cause, in writing, why this action should not be dismissed for

5  lack of prosecution.  No hearing will be held.  The Court cautions Plaintiff that, absent

6  an exceptionally compelling reason, the Court will dismiss the action if Plaintiff has

7  not moved to arrest the vessel by that date.

8

9      **IT IS SO ORDERED.**

10      September 25, 2015

11

12      _____

13               **OTIS D. WRIGHT, II**
             **UNITED STATES DISTRICT JUDGE**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28